UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ALEX DeJESUS,

                           Plaintiff,

        -against-                                  1:25-CV-3161 (LTS)

NYC HUMAN RESORCE ADMINISTRATION;                  TRANSFER ORDER
MOLLY WASOW PARK; MAYSSA CHOUBAH,

                           Defendants.
```

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alex DeJesus, of Sunnyside, Queens County, New York, brings this *pro se* action asserting claims of federal constitutional violations under 42 U.S.C. § 1983 as well as claims under the Americans with Disabilities Act of 1990 ("ADA"). He seeks injunctive relief and, possibly, damages.[1] Plaintiff sues: (1) the New York City Human Resources Administration ("HRA"), a subdivision of the New York City Department of Social Services ("DSS"); (2) Molly Wasow Park, Commissioner of the DSS; and (3) Mayssa Choubah, Deputy Commissioner of the DSS. The Court understands that Plaintiff is asserting claims under Section 1983, Title II of the ADA, and state law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if

---

[1] The Court notes that Plaintiff's complaint is missing its signature page. The Court also notes that Plaintiff's *in forma pauperis* application is missing its second (signature) page.

>there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

The HRA, as an agency of the City of New York, resides, under Section 1391(c)(2), both within this judicial district and within the Eastern District of New York.[2] Plaintiff seems to allege that Commissioner Park resides in an unspecified location within the State of New York (ECF 1, at 3), but he does not specify where Deputy Commissioner Choubah resides. Thus, it is unclear that this court is a proper venue for this action under Section 1391(b)(1).

Plaintiff also alleges that the events that are the bases for his claims occurred at a location in Long Island City, Queens County, New York. (*Id*. at 4.) Queens County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York, and not this court, is a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The alleged events that are the bases for Plaintiff's claims occurred in Queens County, within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, under Section 1391(b)(2), therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 18, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge